In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-244 CV


____________________



IN RE COMMITMENT OF HECTOR SANCHEZ






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 05-08-06850-CV






MEMORANDUM OPINION


 The trial court ordered the civil commitment of Hector Sanchez after the jury found
him to be a sexually violent predator ("SVP"). See Tex. Health & Safety Code
Ann. §§ 841.001-841.150 (Vernon 2003 & Supp. 2006). The SVP statute defines "sexually
violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers
from a behavioral abnormality that makes the person likely to engage in a predatory act 
of sexual violence." Tex. Health & Safety Code Ann. § 841.003 (Vernon 2003). The
statute defines "behavioral abnormality" as "a congenital or acquired condition that, by
affecting a person's emotional or volitional capacity, predisposes the person to commit a
sexually violent offense, to the extent that the person becomes a menace to the health and
safety of another person." Tex. Health & Safety Code Ann. § 841.002(2) (Vernon Supp.
2006). In his sole issue on appeal, Sanchez challenges the legal sufficiency of the evidence
that he suffers from a behavioral abnormality that makes him likely to engage in a predatory
act of sexual violence. As subparts of this issue, Sanchez argues the State only showed that
he committed one predatory act of sexual violence; he was not diagnosed with pedophilia; 
and the State's evidence that he was likely to commit a predatory act of sexual violence was
conclusory. We affirm.

 Because the SVP statute requires the State to prove beyond a reasonable doubt that
Sanchez is a sexually violent predator, we apply the standard of review used in criminal cases
for legal sufficiency of the evidence. See Tex. Health & Safety Code Ann. § 841.062
(Vernon 2003); In re Commitment of Mullens, 92 S.W.3d 881, 885 (Tex. App.--Beaumont
2002, pet. denied) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979)). In addressing a legal sufficiency issue, we review all of the evidence in the
light most favorable to the verdict to determine whether a rational jury could have found,
beyond a reasonable doubt, that Sanchez suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. See Mullens, 92 S.W.3d at 885.

 At the beginning of the trial, portions of Sanchez's responses to the State's requests
for admissions were read into the record. Included among those responses were Sanchez's
admissions that he was twice convicted of aggravated sexual assault - once in 1985 and once
in 1999. Sanchez admitted that while the victim in the 1985 case was a twenty-year-old
stranger, the victim in the 1999 case was a seven-year-old child. Sanchez also admitted that
he was on mandatory supervision for the prior sexual offense when he committed the 1999
sexual offense, and his parole was revoked as a result. In addition, Sanchez admitted that he
was incarcerated for almost eight years for his 1985 offense before being released on parole. 

 The offense of aggravated sexual assault, as set forth in section 22.021 of the Penal
Code, is one of the offenses specifically included in the definition of "sexually violent
offense" in the SVP statute. See Tex. Health & Safety Code Ann. § 841.002(8)(A)
(Vernon Supp. 2006); Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). Viewing this
prior offense evidence in the light most favorable to the verdict, the jury could reasonably
have concluded that Sanchez was a repeat sexually violent offender. See Tex. Health &
Safety Code Ann. § 841.003(b) (Vernon 2003) (defining "repeat sexually violent offender"
as including a person who has been convicted of more than one sexually violent offense and
was sentenced for at least one of the offenses); see also id. § 841.003(a) (including a person's
status as a repeat sexually violent offender as part of the definition of "sexually violent
predator").

 We now turn to Sanchez's contention that "a diagnosis of paraphilia . . . for a person
who committed a rape and later an unrelated act of child molestation adds nothing to a
finding that a person is a repeat sexually violent offender. . . ." The crux of Sanchez's
argument appears to be that because his first victim was an adult and his second victim was
a child, and he was not diagnosed with pedophilia, he cannot be classified as a repeat
sexually violent offender.

 At trial, Dr. Rahn Bailey, a board-certified psychiatrist, testified that after meeting
with Sanchez for approximately one hour and reviewing numerous records pertaining to
Sanchez, he diagnosed Sanchez as suffering from chemical dependency and paraphilia. Dr.
Bailey also testified that Sanchez "certainly could meet a personality disorder diagnosis." 
Dr. Bailey further testified that he believes Sanchez has a behavior abnormality that makes
him likely to engage in predatory acts of sexual violence. Sanchez's counsel did not lodge
any objections to Dr. Bailey's testimony.

 Dr. Antoinette McGarrahan, a clinical psychologist, testified by deposition. Dr.
McGarrahan testified that she reviewed Sanchez's records and interviewed him for
approximately two and a half hours. Dr. McGarrahan diagnosed Sanchez with "[p]araphilia,
not otherwise specified, multiple paraphilia." Dr. McGarrahan explained that paraphilia is
a sexual attraction to or sexual behavior with nonconsenting humans or objects, and she
explained that the diagnosis is intended to describe someone "who is, in all intents and
purposes, addicted to sex." Dr. McGarrahan also testified that she diagnosed Sanchez as
suffering from antisocial personality disorder with psychopathic traits. Sanchez's counsel
did not object when any of Dr. McGarrahan's testimony was offered by the State.

 Sanchez concedes that he did not object at trial, but asserts that he was not required
to object to allegedly conclusory expert testimony. When, as here, a complaint concerns the
foundational data used or relied upon by an expert, a party must present a timely objection
to the trial court to preserve any complaint for appeal. See Tex. R. App. P. 33.1; Tex. R.
Evid. 103; In re Commitment of Corder, No. 09-06-020-CV, 2006 WL 3742805, at *3 (Tex.
App.--Beaumont December 21, 2006, no pet.) (mem. op.); In re Commitment of Rhynes, No.
09-05-496-CV, 2006 WL 3627007, at *1 - *2 (Tex. App.--Beaumont, December 14, 2006,
no pet.) (mem. op.); In re Commitment of Barbee, 192 S.W.3d 835, 843 (Tex. App.--Beaumont 2006, no pet.). To avoid waiver, the record must show that the evidence of which
Sanchez complains was not probative on its face. See Coastal Transp. Co., Inc. v. Crown
Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004). The record in this case does not
so demonstrate. We have considered the arguments offered by Sanchez, and we decline his
invitation to overrule Corder, Rhynes, and Barbee. Because Sanchez did not object at trial
to the testimony offered by Drs. Bailey and McGarrahan, he has waived review of this
complaint. See Barbee, 192 S.W.3d at 843.

 We reach the same result with respect to Sanchez's contention that the testimony from
Drs. Bailey and McGarrahan that he was likely to commit a predatory act was conclusory. 
Both expert witnesses testified that Sanchez suffers from a behavioral abnormality that
makes him likely to reoffend. Both experts also testified about meeting with Sanchez,
reviewing his records, and performing actuarial assessments of him before formulating their
diagnoses. Furthermore, both witnesses identified Sanchez's various risk factors for
reoffending. Sanchez's complaint on appeal necessarily involves attacking the foundational
data used or relied upon by the expert witnesses. See Tex. R. App. P. 33.1; Tex. R. Evid.
103; In re Corder, 2006 WL 3742805; Rhynes, 2006 WL 3627007; Barbee, 192 S.W.3d at
843; see also In re Commitment of Hall, No. 09-05-482-CV, 2006 WL 1682194, at *5 (Tex.
App.--Beaumont, June 15, 2006, no pet.) (mem. op.). Because Sanchez did not object at trial
to the testimony of Drs. Bailey and McGarrahan, and the record does not demonstrate that
the evidence of which Sanchez complains was non-probative on its face, Sanchez has waived
appellate review. See Coastal Transp., 136 S.W.3d at 233; Barbee, 192 S.W.3d at 843. 
Furthermore, the record contains sufficient evidence that Sanchez was a repeat sexually
violent offender and was likely to reoffend. We overrule Sanchez's sole issue and affirm the
trial court's judgment.

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN 

 Chief Justice

Submitted on April 12, 2007

Opinion Delivered May 17, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.